1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  KIMBERLY HOPKINS (MABN 668608)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6991
7      FAX: (415) 436-7234
       Kimberly.hopkins@usdoj.gov
8
   Attorneys for United States of America

9
10                       UNITED STATES DISTRICT COURT
11                     NORTHERN DISTRICT OF CALIFORNIA
                              SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   **CASE NO. CR 19-00643-JST (SK)**
                                         )
14         Plaintiff,                    )   **DETENTION ORDER**
                                         )
15     v.                                )
                                         )
16  ROSS ANTHONY FARCA,                  )
                                         )
17         Defendant.                    )
                                         )
18

19                                **INTRODUCTION**

20      On November 26, 2019, the Court ordered defendant Ross Anthony Farca ("Defendant") to be

21  detained pursuant to 18 U.S.C. § 3142. As noted on the record and in the written Order, the Court found

22  no condition or combination of conditions in section 3142(c) would reasonably assure the safety of any

23  person or the community if Defendant were to be released. (Dkt. 12.) The Court also found by clear and

24  convincing evidence that Defendant poses a danger to the community. On March 30, 2020, Defendant

25  filed a motion for release from custody based on changed circumstances. (Dkt. 30.) On April 1, 2020,

26  the government filed an opposition to Defendant's motion for release from custody. (Dkt. 32.) At the

27  telephonic detention hearing on April 2, 2020, Defendant waived his personal presence, and he was

28  represented by his attorney, Joyce Leavitt. An officer from the United States Pretrial Services Agency

as also present at the hearing. Defendant moved for release, and the government opposed. The parties submitted proffers and arguments.

Upon consideration of the written submissions and the parties' proffers at the detention hearing, the factors set forth in the bail statute, and for the reasons stated on the record and summarized below, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant were to be released. The Court also finds that the changed circumstances that Defendant proffers will not mitigate Defendant's danger to the community under 18 U.S.C. § 3142(f). Accordingly, the Court orders that Defendant be detained pending trial.

## LEGAL STANDARD

Under the bail statute, 18 U.S.C. § 3142, a court must order the release of a defendant on a personal recognizance or unsecured bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. 18 U.S.C. § 3142(b). If a court determines that release on a bond alone presents a risk of nonappearance or a danger to any person or the community, then the court must choose the least restrictive conditions that will assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety). The court must order a defendant detained if, "after a hearing pursuant to the provisions of subsection 3142(f)," the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See id*. §3142(e)(1).

At the detention hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(f). In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a court "shall consider" the factors in section 3142(g), including (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including employment, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past

conduct, track record in appearing in court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

**DETENTION ORDER**

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the changed circumstances raised by Defendant will not mitigate Defendant's danger to the community, and the Court finds no condition or combination of conditions in section 3142(c) will reasonably assure the safety of any person or the community. The Court gave the basis for its findings on the record and finds by clear and convincing evidence that Defendant poses a danger to the community.

Defendant argues that his father will be a suitable custodian for him. At the previous hearing, Defendant's father did not offer to be a custodian for Defendant on release. However, the Court does not find that Defendant's father could be a suitable custodian under the current circumstances. Given Defendant's conduct while on bond in his state case, the Court remains concerned that Defendant's father's current work schedule will prevent him from being home during the evening and early morning hours to monitor Defendant.

Defendant also argues that the COVID-19 pandemic is a changed circumstance that justifies Defendant's release. Specifically, Defendant argues that he suffers from obsessive-compulsive disorder ("OCD") and Misophonia (here, sensitivity to the sound of running water) that makes compliance with efforts to mitigate the risk of contracting COVID-19 difficult for Defendant. Defendant also argues that other inmates have physically assaulted him and that he faces a very light sentence that may be shorter or almost equal to his current period of incarceration. At the hearing, Defendant also argued, with no

citation to evidence or scientific research, that Defendant also suffers from gastritis, which increases his risk in this COVID-19 pandemic.  The Court is aware of the concerns and takes them seriously but must balance them with the risk to the community.  Previously, when the Court ordered that Defendant be detained, the Court noted that Defendant had made violent, anti-Semitic comments in an electronic forum, that he, while on pretrial release for his state criminal case, communicated with a potential mass shooter in an encrypted email, and that he had previously owned an semi-automatic rifle and 13 rifle magazines.  Given these factors, the Court found at that time that Defendant was a danger to the community and that no conditions of release could mitigate that danger.  That Defendant has medical conditions that make compliance with hygiene to prevent contracting COVID-19 is a serious issue, but it does not override the danger to the community.

Thus, even in light of the new developments, the previous factors listed above clearly and convincingly demonstrate that, if released, Defendant would be a danger to the community, and thus no conditions could be fashioned to prevent the danger to the community.  This finding is made without prejudice to Defendant's right to seek review of detention or file a motion for reconsideration if circumstances warrant it.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant must be afforded reasonable opportunity for private consultation with his counsel; and

///
///
///
///
///
///
///

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 3, 2020

_____
HONORABLE SALLIE KIM
United States Magistrate Judge