# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Venue

### Petition for Summons for Person Under Supervision

**Person Under Supervision**  
Ross Anthony Farca

**Docket Number**  
0971 4:19CR00643-001 JST

**Name of Sentencing Judge:**   The Honorable Jon S. Tigar  
United States District Judge

**Date of Original Sentence:**   May 28, 2020

**Original Offense**  
Count One: False Statements to a Government Agency, 18 U.S.C. § 1001(a)(2), a Class D felony.

**Original Sentence:** Time served, three years probation

**Special Conditions:**  Special assessment $100; restitution $17,832; no contact with U.S. Army; mental health treatment; search; not possess a computer without first having monitoring software installed; enroll in CIMP; computer search; and no data encryption program.

**Prior Form(s) 12:** None

**Type of Supervision**  
Supervised Release  
**Assistant U.S. Attorneys**  
Kimberly Eloise Hopkins  
Elise LaPunzina

**Date Supervision Commenced**  
May 28, 2020  
**Defense Counsel**  
Joyce Leavitt (AFPD)

### Petitioning the Court

The issuance of a summons for the person under supervision to appear in court before the duty Magistrate Judge for identification of counsel and setting of further proceedings on September 24, 2020, at 10:30 a.m.

I, Nicole M. Brown, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on

RE:   Farca, Ross Anthony 2
      0971 4:19CR00643-001 JST

official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
| --- | --- |
| One | There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed. |

> On July 30, 2020, Mr. Farca was scheduled for a remote software installation by our contracted computer monitoring company on his Blu V9 Android phone. Immediately following the installation, our office was informed that Mr. Farca circumvented the monitoring software and was accessing applications that were intended to be blocked. Additionally, it was determined that the Blu V9 phone was not compatible with the computer monitoring software. He was subsequently directed to purchase a new phone and provide the specifications.
>
> Evidence to support this are the chronological entries dated July 30, August 3, and August 5, 2020, located in the client's electronic probation file.

| | |
| --- | --- |
| Two | There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed. |

> On August 3, 2020, a voice mail message was left for the client instructing him to get a new cell phone (specifically a Motorola or LG brand), as his current phone was not compatible with the computer monitoring software. On August 5, 2020, I contacted the client's mother on her phone, and she put me on speaker phone so I could speak to both her and the client. I informed them both that he needed to get a new cell phone and further instructed him to notify me immediately of the specifications of the new phone. On August 7th and 24th, 2020, I sent the client text messages requesting to know the status of his new cell phone. On August 24, 2020, Mr. Farca responded and stated that he obtained a new Samsung cell phone on August 7, 2020. Mr. Farca possessed this phone for over two weeks without bringing it to the

**RE:** Farca, Ross Anthony  3
0971 4:19CR00643-001 JST

attention of the probation officer and therefore, we were not able to install monitoring software.

Evidence to support this charge are the chronological entries for the aforementioned dates located in Mr. Farca's electronic probation file.

Three — There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed.

On August 26, 2020, telephone contact was made with Mr. Farca and he was informed that he was scheduled for a remote monitoring software installation on August 28, 2020. An email from the computer monitoring company was sent to his email address confirming the appointment and providing instructions for the appointment. On August 28, 2020, Mr. Farca failed to contact the monitoring company for the software installation, as instructed.

Evidence to support this charge is the email notification from the monitoring company received on September 4, 2020.

Four — There is probable cause to believe that the person under supervision violated special condition number five that he may not possess any computer that is not subject to the probation office's Computer and Internet Monitoring Program (CIMP) or that is not brought to the attention of the U.S. Probation Officer without first having monitoring software installed.

On September 3, 2020, an email from the computer monitoring company was sent to Mr. Farca's email address scheduling another appointment for the monitoring software installation for September 9, 2020. On September 9, 2020, Mr. Farca failed to contact the monitoring company for the software installation, as instructed.

Evidence to support this charge is the email notification from the monitoring company received on September 10, 2020.

**RE:** Farca, Ross Anthony 4
0971 4:19CR00643-001 JST

| | |
|---|---|
| Five | There is probable cause to believe that the person under supervision violated special condition number two that he pay a $100 special assessment at the commencement of the term of supervised release. |

As of September 14, 2020, Mr. Farca has failed to pay his special assessment.

Evidence to support this charge is the payment history report from OPERA dated September 11, 2020.

| | |
|---|---|
| Six | There is probable cause to believe that the person under supervision violated special condition number two that he pay restitution in the amount of $17,832 at a monthly rate of $250, or at least 10 percent of his earnings, whichever is greater, to commence no later than 60 days from placement on supervision. |

As of September 14, 2020, Mr. Farca has failed to pay toward his restitution. He commenced supervision on May 28, 2020.

Evidence to support this charge is the payment history report from OPERA dated September 11, 2020.

Based on the foregoing, there is probable cause to believe that Ross Anthony Farca violated the conditions of his Supervised Release.

Respectfully submitted,                                          Reviewed by:

_____                          _____
Nicole M. Brown                                                   Jennifer J. James
U.S. Probation Officer Specialist                                 Supervisory U.S. Probation Officer
Date Signed: September 17, 2020

**RE:** Farca, Ross Anthony 5
    0971 4:19CR00643-001 JST

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☑ The issuance of a summons for the person under supervision to appear in court before the duty Magistrate Judge for identification of counsel and setting of further proceedings on September 24, 2020, at 10:30 a.m.

☐ Other:


September 17, 2020
_____    _____
Date                                Jon S. Tigar
                                    United States District Judge

**RE:**  Farca, Ross Anthony  6
0971 4:19CR00643-001 JST

## APPENDIX

Grade of Violations:  C [USSG §7B1.1(a)(3), p.s.]

Criminal History at time of sentencing:  I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| Custody: | Two years<br>18 U.S.C. § 3583(e)(3) | 3-9 months,<br>USSG §7B1.4(a), p.s. |
| Supervised Release: | Three years, less any time in custody upon revocation<br>18 U.S.C. § 3583(h) | Three years, less any time in custody upon revocation<br>USSG §7B1.3(g)(2), p.s. |
| Probation: | Not Authorized | Not Authorized |