KENNETH H. WINE(#142385)
Hallinan & Wine
345 Franklin Street
San Francisco, CA  94102
Telephone:  (415) 621-2400
Facsimile: (415) 575-9930
email: kenwine@hotmail.com

Counsel for ROSS FARCA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 19-643 JST |
| Plaintiff, | ) ) | **DEFENDANT ROSS FARCA'S** |
| v. | ) ) ) | **SENTENCING MEMO ON FORM 12 VIOLATIONS** |
| ROSS FARCA, | ) ) | Date: October 6, 2023 |
| Defendant. | ) ) | Time: 9:30 a.m. |
| | ) | Hon. Jon S. Tigar |

## I.       Introduction

On September 15, 2023, the parties informed the Court that they had reached an agreement to resolve the pending Form 12 charges with an admission to the pending charges, and an agreed sentence of 7 months and termination of supervised release.  Unfortunately, the agreement between the parties is off the table due Mr. Farca's resistance to the government's desire for 7 months of custody at Santa Rita Jail.  U.S. Probation has filed a memorandum in which they recommends a sentence of 6 months, with termination of supervised release.

Instead of accepting the government's settlement proposal, Mr. Farca will admit to the pending Form 12 charges 1-4, and 6[1] and submit to the Court for sentencing.  Mr. Farca understands that the government is not bound to stand by its prior agreed recommendation mentioned at the last Court hearing.

---

[1] Count 5, for failure to pay the $100 Special Assessment, is expected to be dismissed by the government at the hearing.

The violations from are 2020. The government's and U.S. Probation's briefs accurately describe the facts of those violations, to wit: Counts 1 through 4 are related to Mr. Farca's failure to abide by the terms of the CIMP computer monitoring program, and Count 6 is related to a search of his residence on October 15, 2020, in which Mr. Farca threatened a California police officer performing the search.

In 2021, Mr. Farca was tried and found guilty in Contra Costa Superior Court for, in part, the violations of state law that appear in Count 6, namely, Penal Code §§ 71 and 422, for threatening the police officer.  In December 2021, Mr. Farca was sentenced to 56 months in state custody, and recently released on parole. He is expected to be closely supervised by his State Parole officer until July 22, 2025.[2]  As such, the State has a sword of Damacles hanging over Mr. Farca's head – any violation of parole will lead to his State reimprisonment.

## II.    Argument

Mr. Farca suffers primarily from autism, pervasive developmental disorder, misphonia (excessive sensitivity to noise), and obsessive compulsive disorder.  His disabilities are well documented and profound, particularly the autism and misphonia.  Regardless of these disabilities, Mr. Farca accepts that he deserves punishment for his behavior in 2020.  He has already been punished by imprisonment for the worst it – Count 6 of the Form 12, threatening a police officer.  Given his other prior state crimes – possessing an assault rifle and making offensive ethnic threats –he will be placed under high degree of parole supervision.  His special conditions of State supervision include a computer search condition, an order to abstain from social media, and an option for psychiatric services placement and location monitoring.  Therefore, we agree with U.S. Probation that federal supervision will be a repetitive, excessive burden on Mr. Farca, whose supervision and behavioral issues will be met by the intensive monitoring of his state probation officer.

---

[2] .  U.S. Probation Officer Nicole Brown has informed undersigned counsel that she has contacted Mr. Farca's state parole officer, and that the parole officer has confirmed Mr. Farca will be subject to the high level supervision, including twice monthly visits with his parole officer, once at Mr. Farca's home, and once at the parole office.

The only area of dispute between the parties and probation is the length of his sentence. Mr. Farca, who spent the past three years in state prison, is suffering much more at Santa Rita Jail. The constant noise is exacerbating his misphonia (sensitivity to noise) to the point where he is unable to sleep. Relative to the non-disabled inmate his time in custody is obviously more difficult, as the crowded cells and complete lack of privacy are incompatible with his autism and developmental disabilities. Therefore, the defense offers two alternatives to address the need for punishment, and, ultimately, perhaps the most important factor – Mr. Farca's need to be successfully reintegrated into society.

The first alternative is to place Mr. Farca in a half-way house for six or seven months, with a condition that he receive mental health care while he is there. The half-way house will also allow a transition period for Mr. Farca. Although he is expected to have a place to live with his mother or father, Mr. Farca has been in continual state custody for over 3 years. A half-way house placement will allow the government to keep an eye on Mr. Farca, and Mr. Farca will be holding the keys to his freedom. If he messes up at the half-way house, he can be reincarcerated for the remainder of his sentence. If he does well, he will have access to mental health care, and a chance to more slowly reintegrate into society.

The second alternative is to simply give Mr. Farca a low-end guidelines sentence of 4 months. He has already been punished by the State for the worst of his violations, and given his disabilities and the burden he suffers at Santa Rita Jail, he deserves no more than the low end of the punishment scale.

DATED: September 29, 2023                    HALLINAN & WINE

                                             /s/ Kenneth Wine
                                             Kenneth H. Wine, Esq.
                                             Attorney for Defendant
                                             ROSS FARCA