| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | |
| 3 | THOMAS A. COLTHURST (CABN 99493)<br>Chief, Criminal Division |
| 4 | ADAM BARKL (CABN 349601)<br>Assistant United States Attorney |

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ADAM BARKL (CABN 349601)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3927
    FAX: (510) 637-3724
    adam.barkl@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSS ANTHONY FARCA,<br><br>    Defendant. | **CASE NO. 19-CR-643 JST**<br><br>**SENTENCING RECOMMENDATION ON FORM 12 DISPOSITION** |

This matter is scheduled for October 6, 2023, for an admission and sentencing on the "Petition for Warrant for Person Under Supervision" ("Form 12"). Until yesterday, September 28, the parties were in agreement that the defendant would admit Charges One, Two, Three, Four and Six of the Form 12 and the parties would jointly recommend a sentence of seven months custody with no supervised release to follow. The parties were planning to file a joint sentencing recommendation reflecting that agreement. However, the government was informed yesterday that, while the defendant still intends to admit the charges specified, he will no longer jointly recommend the sentence agreed to. Accordingly, the government submits this sentencing recommendation.

SENTENCENING RECOMMENDATION ON FORM 12 DISPOSITION
19-CR-643 JST

1

### I. Background and Form 12 Offenses

The defendant was originally convicted of one count of 18 U.S.C. § 1001(a)(2), making False Statements to a Government Agency. The Court sentenced the defendant on May 28, 2020, to time served plus three years of probation. Probation filed the Form 12 on October 20, 2020.

Charge One alleges that on July 30, 2020, the defendant circumvented computer monitoring software on his cellphone and was accessing prohibited applications in violation of his terms of supervised release. Charges Two, Three, and Four similarly allege that in August and September 2020, the defendant obtained a new cellphone without informing the probation office and for several weeks was using the device without monitoring software installed, again in violation of his terms of supervised release.

Charge Six alleges that on October 8, 2020, the defendant threatened the life of a Concord, California police officer in violation of the California Penal Code §§ 71, 422, and 136. On that date probation conducted a search of the defendant's home, accompanied by local law enforcement, because the defendant had not been complying with his terms of supervised release.[1] The defendant noticed the Concord police officer, who had been testifying against him in a state court proceeding around that time, and shouted "Sieg heil!" at the officer several times. He also threatened the officer's life by shouting that the next time that he would see the officer, it would be for a "187 on you." (California Penal Code § 187 being the code section for murder.)

In state court in 2021, the defendant was convicted of crimes including criminal threats, threatening public officers, interference with civil rights, and unlawful possession of an assault weapon, after he posted threats online in 2019 about attacking a synagogue and killing Jews and police officers and was found with an assault rifle in his home. He was sentenced in December 2021 and recently completed that sentence.

### II. Recommended Sentence

The Court may, after considering the factors set forth in 18 U.S.C. § 3553(a), revoke a sentence of probation and resentence the defendant. 18 U.S.C. § 3565. Among the factors at § 3553(a) are: the

---

[1] According to the Probation Office, "disturbing text messages on the [defendant's] phone [] included mass shootings, violence against law enforcement, creating a militia, discussing child pornography, and purchasing an unauthorized laptop." Dkt. No. 89.

SENTENCENING RECOMMENDATION ON FORM 12 DISPOSITION
19-CR-643 JST

nature and circumstances of the offense and the history and characteristics of the defendant; the need to promote respect for the law; deterrence; protection of the public; the need to provide the defendant with rehabilitation; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant's violations include Grade B violations of his supervised release, and the defendant was in Criminal History Category I at the time of his sentencing. A Grade B violation therefore produces a guidelines range of four to 10 months' imprisonment, with up to three years' supervised release less any custody time served. U.S.S.G. §§ 7B1.4(a); 7B1.3(g)(2).

The government recommends a custodial sentence of eight months. Not long after the defendant began supervised release in 2020, he demonstrated a pattern of noncompliance with his conditions. This included circumventing computer monitoring for weeks and culminated with him threatening the life of a police officer during a probation search. This all happened while the defendant was also already facing charges in state court for having made threatening posts online about killing law enforcement officers and Jews. The defendant has a history of threatening violence against law enforcement and members of the Jewish community (and arming himself at least once) and engaging in disturbing and/or illegal behavior over the internet. A custodial sentence is necessary to promote the purposes of sentencing, including to protect the community, promote respect for the law and deter future threats and criminal conduct.

Following his custodial sentence, the defendant will remain on state parole with robust supervision conditions until July 22, 2025. The conditions of the defendant's state parole meet or exceed his conditions under federal supervision, and the Probation Office has advised that having one entity supervise the defendant instead of two will conserve resources and facilitate (and thus promote) the defendant's supervision. Therefore, the government recommends that the Court impose an eight-month custodial sentence with no additional supervised release to follow. This sentence is sufficient but not greater than necessary to achieve the goals of sentencing.

Respectfully submitted,

Dated: September 29, 2023       /s/ *Adam Barkl*
                                ADAM BARKL
                                Assistant United States Attorney

SENTENCENING RECOMMENDATION ON FORM 12 DISPOSITION
19-CR-643 JST

3